IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LUIS MIGUEL FIGUEROA-DOMINGUEZ, §
§
               Petitioner, §
§
                           §     CIVIL ACTION NO. H-17-1166
v. §     (Criminal No. H-15-570-01)
§
UNITED STATES OF AMERICA, §
§
               Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner, Luis Miguel Figueroa-Dominguez, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 48).[1] On December 21, 2015, petitioner pleaded guilty to illegal reentry by a previously deported alien after a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(1); and on March 17, 2016, petitioner was sentenced within the advisory Sentencing Guideline range to 29 months in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 25). On February 27, 2017, petitioner's sentence was affirmed on appeal (Judgment, United States Court of Appeals, Docket Entry No. 46).

The court has carefully reviewed Figueroa-Dominguez's § 2255 Motion as required by Rule 4(b) of the Rules Governing Section 2255

---

[1]All docket entry references are to Criminal No. H-15-570.

Proceedings for the United States District Courts and concludes that a response to his motion is not required.

In Grounds One and Two of his § 2255 Motion Figueroa-Dominguez argues that his sentence is too high because he already served time in prison based on prior convictions, which increased his guideline range, and is too high when compared to other illegal reentry sentences. These claims are not valid grounds for granting relief under § 2255. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

In Ground Four Figueroa-Dominguez argues that the court's sentence of three years of supervised release (mistakenly referred to as probation by Figueroa-Dominguez) is inconsistent with the court's denial of pretrial supervision. This argument is meritless and not cognizable in a § 2255 motion.

In Ground Three Figueroa-Dominguez argues that his attorney spoke harshly with him and made him feel uncomfortable and that he might have received a lower sentence if another attorney had represented him. At his rearraignment Figueroa-Dominguez testified as follows:

> THE COURT: Did your lawyer discuss with you the charge against you and what the government would have to prove to establish your guilt?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Did he discuss with you the evidence that the government has against you?
>
> DEFENDANT: Yes, sir.

```
THE COURT:     Did he discuss with you how the federal
               advisory sentencing guidelines might apply
               in your case?

DEFENDANT:     Yes, sir.

THE COURT:     Did your lawyer explain to you that you
               will be deported after you serve your
               sentence?

DEFENDANT:     Yes, sir.

THE COURT:     Did your lawyer answer all of your
               questions?

DEFENDANT:     Yes, sir.

THE COURT:     Has he done everything that you have asked
               him to do?

DEFENDANT:     Yes, sir.

THE COURT:     Are you fully satisfied with the advice
               and counsel that your lawyer has provided
               you?

DEFENDANT:     Yes, sir.
```

Transcript of December 21, 2015, Hearing on Re-arraignment, Docket Entry No. 40, page 7 line 22 through page 8 line 19. The vague statements in Figueroa-Dominguez's § 2255 Motion provide no facts that would raise a cognizable claim that his attorney was ineffective or that Figueroa-Dominguez was prejudiced by his attorney's representation.

For the reasons stated above Figueroa-Dominguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 48) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Luis Miguel Figueroa-Dominguez and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this 24th day of April, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE